No. 608

LANMAN v. UPPER ARLINGTON CO. et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1456.     Decided March 9, 1927.

189-A. BUILDING RESTRICTIONS—Court will take judicial notice of value of building restrictions in high class subdivision, and not permit purchaser, under option contract made before development, to violate them.

1159. TAXES AND ASSESSMENTS—Taxes and assessments paid by successors in title of lessor, after exercise, by lessee, of option to purchase, but before transfer of title to lessee, must be repaid to said successor in title.

**First Publication of this Opinion**

ALLREAD, J.

This was an action for specific performance of a certain written contract.

J. T. Miller, the owner of a large tract of real estate, containing more than 800 acres, leased a small portion thereof to the plaintiff for a period of ten years. The lease contained an option permitting plaintiff to purchase the land so leased, at any time during the ten years, at a fixed price per acre. During the ten year period plaintiff laid the proper foundation for the exercise of her option, by demanding a conveyance and tendering the agreed purchase price. In the meantime, Miller had sold the balance of the farm on land contract, the sale being subject to the rights of the plaintiff under her lease. The contractees transferred their rights under the contract to the defendant company who laid out an allotment and sold many lots. Many

expensive residences were constructed and a high grade subdivision was projected and successfully established.

Defendants claim that they are entitled to an order for the payment by plaintiff of special assessments and taxes, and also for a provision in the decree for building restrictions in harmony with those prescribed by them in the immediate neighborhood. We are of the opinion that the state and county taxes assessed and paid by the company after the option of purchase was exercised by Lanman, should be repaid to the company. We are also of the opinion that the assessment for sewer purposes and for a street lighting system, apportioned to or assessed against the property involved in the Lanman lease, should be repaid.

As to the building restrictions, the court will take judicial notice of the value of building restrictions in a high class subdivision. It would be very unequitable and unjust to permit the Lanman tract to be used so as to violate these restrictions and thereby injuriously affect the valuation of property in the subdivision.

Decree accordingly.

Attorneys—Charles J. Pretzman and John E. Nau for Lanman; L. F. Sater, and E. D. Howard for Company; all of Columbus.